IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| SHARON POULETTE | * | Case No: 09-30188-RAG |
| | | Chapter 7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S
CLAIM OF EXEMPTIONS

Sharon Poulette, by and through her attorney, Jessica H. McConnell, files this Response to Trustee's Objection to Debtor's Claim of Exemptions, and in support thereof states:

1. The debtor admits to the numbered paragraphs one through seven (1-7).

2. The debtor admits the statement offered in paragraph number eight (8), but would further state that she filed the petition pro se and since at the time of the filing of the case she did not expect to receive anything from this case since there are so many claims being filed against Mr. Broaddus, she did not understand that things had to be listed even if you thought that they were uncollectible.

3. The debtor admits to the statement in paragraph number nine (9) and would further state that this shows there was no intent to hide the case.

4. The debtor admits to the statements in paragraphs ten, twelve and thirteen (10, 12 and 13).

5. The debtor has no information regarding paragraphs eleven and fourteen (11 and 14) as they would only be known to the Trustee.

6. The debtor admits the statement made in paragraph fifteen (15), but would further state that at the time of filing and the time of the Meeting of Creditors, Debtor did not know that the case was still being pursued. Her mother had passed away three years before and members of the family had recently been told by the attorney that he was no longer sure about the case. It was her impression that the case was deemed not

worth pursuit and she did not know that the complaint was filed on November 3, 2009.

7. In addition, while the petition was filed pro se, Debtor did receive advice from an attorney months before she filed who told her that the Malpractice claim was exempt and that the Trustee could not touch it.  She did not understand that even if she thought the claim was being pursued that she had to list it and then exempt it.  In her mind, since it couldn't be touched it didn't have to be listed.

8. The Debtor admits the statements in paragraphs sixteen through twenty (16-20), but would further state that her share of the settlement of the Malpractice Claim came to $23,553.31.

9. While we understand the Trustee's view of the events, the Debtor had no intent to hide any assets.  She was led astray by incomplete advice that sometimes occurs when a Debtor attempts to file their petitions pro se after short discussions with an attorney.

10. Debtor honestly thought and still believes that the Contractor claim is uncollectible, since she has been fighting this man since 2008.

11. Debtor, upon some advice from attorneys, thought that the Malpractice claim would be exempt if it were awarded and therefore didn't need to be listed.  However, at the time of filing she honestly thought that the claim was no longer being pursued.

12. The power to disallow exemptions is a very important tool for Trustees who believe that there was fraudulent intent on the part of the Debtor, however, that was not the case here.  Debtor had valid reasons for not listing both "claims" on her original petition taking into consideration that they were filed pro se.

WHEREFORE, Debtor respectfully requests that that the Trustee's Objection to Debtor's Claim of Exemptions be denied and that the exemptions as stated in her Amended Schedule C stand.

_____/s/_____
Jessica H. McConnell
1643 Liberty Road, Suite 105
Eldersburg, MD 21784
410-552-9986
Fed Bar No:  27262

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2010, a copy of the foregoing Response was served on the parties listed below by first class mail postage prepaid, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that the document was electronically mailed to said party.

Office of the US Trustee
101 W. Lombard Street-Suite 2625
Baltimore, MD 21201

Lori Simpson, Trustee
1400 South Charles Street
Baltimore, MD 21230

Kim D. Parker, Esq.
The Law Office of Kim Parker
2123 Maryland Avenue
Baltimore, MD 21218

Wendy L. Shiff, Esq.
Salsbury Clements Bekman
Marder & Adkins, LLC
300 West Pratt Street, Suite 450
Baltimore, MD  21201

_____/s/_____
Jessica H. McConnell